Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett, Esq. (SBN 297174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY ROSEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HERITAGE AUCTIONS, INC., a Texas corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

BARRY ROSEN, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff BARRY ROSEN ("ROSEN") is an individual residing in California.

5. Plaintiff is informed and believes and thereon alleges that Defendant HERITAGE AUCTIONS, INC. ("HERITAGE") is a Texas corporation with its principal place of business at 3500 Maple Avenue, 17th Floor, Dallas, Texas 75219.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or

adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

1. ROSEN created and owns an original photograph (the "Subject Photograph").

2. The Subject Photograph was registered with the United States Copyright Office.

3. Plaintiff is informed and believes and thereon alleges that Defendants accessed the Subject Photograph and then exploited it without the authorization of Plaintiff. On information and belief, Plaintiff alleges that Defendants, and each of them, exploited the Subject Photograph by incorporating same into online displays, including without limitation, in connection with the purported auction of an unauthorized printed copy of the Subject Photograph ("Accused Image"). The claims made herein are as to any publication, advertisement, distribution, monetization, or other use by Defendants, and/or each of them, that incorporates without permission, in whole or in part, the Subject Photograph.

4. ROSEN at no point authorized Defendants, or any of them, to use the Subject Photograph as complained of herein.

5. HERITAGE was provided notice of the instant infringement in August of 2017, but this dispute could not be resolved.

6. A comparison of the Subject Photograph with the Accused Image reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar. A comparison of the Subject Photograph and Accused Image is provided below.

**Subject Photograph**



**Exemplar Accused Image**



# FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

7. ROSEN repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

8. ROSEN is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph in or on ROSEN's publications, profiles, exhibitions and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third party source.

9. ROSEN is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to traffic in the Accused Image.

10. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, distributed, marketed and published imagery that is identical to, or substantially similar to, the Subject Photograph.

11. ROSEN is informed and believes and thereon alleges that Defendants, and each of them, infringed ROSEN's copyright by licensing, distributing, and publishing the Subject Photograph and/or creating an infringing derivative work from the Subject Photograph and then publishing it to the public.

12. Defendants, and each of them, infringed ROSEN's rights by copying the Subject Photograph, and distributing and publishing the Accused Image, without ROSEN's authorization or consent.

13. Due to Defendants', and each of their, acts of infringement, ROSEN has suffered actual, general and special damages in an amount to be established at trial.

14. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of ROSEN's rights in the Subject Photograph. As such, ROSEN is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

15. ROSEN is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

16. ROSEN repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. ROSEN is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, publication, and distribution of the Subject Photograph as alleged hereinabove. Specifically, Defendants each participated in a concerted effort to create, distribute, display, and monetize the Accused Image. And, Defendants, and each of them, realized profits through their respective obtainment, publication, and distribution of the Accused Image.

18. ROSEN is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a

direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the Accused Image.

19. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, ROSEN has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of ROSEN's rights in the Subject Photograph. As such, ROSEN is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

21. ROSEN is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

### THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act 17 U.S.C. §1202 – Against all Defendants, and Each)

22. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202(b) by intentionally removing and/or altering the copyright management information on at least one copy of the Subject Photograph ("Mislabeled Copy"), and distributing copyright management information for the Mislabeled Copy with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the Mislabeled Copy, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly removed and altered the copyright management information on the Mislabeled Copy, which originally indicated Rosen's rights in the image, and was made by Defendants to indicate that Heritage owns rights in the image.

25. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

///

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants, and Each:

<u>With Respect to Each Claim for Relief</u>

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph or from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statutes set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

      h. That Plaintiff be awarded the costs of this action; and

      i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                                Respectfully submitted,

Dated: January 9, 2018                By:    /s/ Scott A. Burroughs
                                                      Scott A. Burroughs, Esq.
                                                      Trevor W. Barrett, Esq.
                                                      Justin M. Gomes, Esq.
                                                      DONIGER / BURROUGHS
                                                      Attorneys for Plaintiff